## HYDE & GOODRICH v. NEW YORK & NEW ORLEANS STEAMSHIP CO.

*Where articles of greater value are packed in the same box with ordinary freight it does not change their character, and will not relieve the common carrier from liability for their loss, if those more valuable goods are not lost.*

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
  *A. Robert* for plaintiff.

*J. Ad. Rozier for defendant and appellant.*—In considering the subject of notice, it becomes proper to consider the effect of misrepresentation, fraud and concealment of the owner of the goods in respect to the nature, and amount, and value of them. It is plainly the duty of every person sending goods by a common carrier, in the absence of notice, not to practice such imposition and deception upon him, as will add to his risk and lessen his requisite care and diligence, and any false statement, or unfair concealment, or material suppression of facts, whereby the carrier is misled, will exempt him from the responsibility of a common carrier. In the absence of notice, says Mr. J. Nelson, if any means are used to conceal the nature of the article, and thereby the owner avoids paying a reasonable compensation for the risk, the unfairness, and its consequence to the carrier, upon the principle of common justice, will exempt him from responsibility, for such a result is alike due to the carrier, who has received no reward for the risk, and to the party who has been the cause of it, by means of disingenuousness and unfair dealing. Angell on Carriers, p. 266, ¿ 258 ; *Orange County Bank* v. *Brown*, 9 Wend. R. 116.

It is well established that the owner of the goods, or the person delivering them, must take care not to do or say anything which shall tend to mislead the carrier in respect to the requisite care to be taken of them. If the owner adopts a disguise for his box, which is calculated to prevent the carrier from taking the particular care of it which the real nature and value of its contents demand, he cannot recover in case of loss, even in the case of gross negligence, beyond the value of the box itself ;· as, for example, by labeling a box or a trunk as containing articles of a different nature and inferior value from what are its real contents. Angell on Carriers, p. 269, ¿ 261. *Relf* v. *Rapp*, 3 Watts & S. Penn, R. 21.

HOWELL, J. The facts of this case do not bring it within the application of the rule invoked by defendants and recognized in the case of *Baldwin* v. *Collins*, 9 R. 468.

Their own witness, *Sellick*, says pistols are considered ordinary freight; and the fact that articles of greater value were packed in the same box with them does not change their character and will not relieve the common carrier from liability for their loss, if, as in this case, those more valuable goods are not lost.

We think there is no error in the judgment of the lower court, and it is therefore affirmed, with costs.